IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| KRISTA E. GATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-103 |
| | ) | |
| SN SERVICING CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court considers the Motion of March 4, 2021 by Defendant Select Portfolio Servicing, Inc. ("SPS"), as well as the Motion of March 8, 2021 by Defendants SN Servicing Corporation ("SNSC"), McMichael Taylor Gray, LLC ("MTG"), Lenox Title Trustee Services, LLC ("Lenox"), and U.S. Bank Trust, N.A. ("U.S. Bank") as Trustee of the Chalet Series IV Trust.

This case involves a dispute over a home mortgage loan. In 2007, Plaintiff refinanced the purchase of her home in Great Falls, Virginia with a $1,425,000 adjustable rate loan from Washington Mutual Bank, F.A. This loan was reflected in a promissory note and repayment was secured by a recorded deed of trust. The Complaint explains that this deed of trust was

subsequently assigned to various assignees between 2016 and 2020.

Plaintiff's underlying theory of the case is that her mortgage loan was improperly securitized without her knowledge and consent. Thus, she alleges, the note and deed of trust are not enforceable, and Defendants may not collect debt on the loan or foreclose on her property.

On December 11, 2020, Plaintiff filed a Complaint *pro se* in the Circuit Court of Fairfax County challenging the foreclosure against her property. Defendants removed the case to this Court on the basis of diversity of citizenship.

The Complaint includes causes of action against Defendants for fraud, unjust enrichment, and conversion. It also requests the Court rescind the note and deed of trust and permanently enjoin Defendants from collecting on the loan or foreclosing on the property.

The Complaint names SNSC, SPS, U.S. Bank, MTG, and Lenox as defendants. SNSC and SPS are loan servicing companies that have serviced Plaintiff's mortgage during the loan period. U.S. Bank is the trustee of Chalet Series IV Trust, the holder of Plaintiff's promissory note. MTG has served as counsel to Defendant SNSC during its initiation of non-judicial foreclosure against Plaintiff's property. Lenox is the substitute trustee

under the deed of trust. Defendants have filed motions to dismiss the case for Plaintiff's failure to state a claim.

A complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "if after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A plaintiff must allege "a *plausible* claim for relief," instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphases in original).

Although a court considering a motion to dismiss must accept all well-pleaded factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Courts are instructed to construe *pro se* pleadings liberally. "[W]hen reviewing a *pro se* complaint, a court must carefully examine the plaintiff's allegations, no matter how

inartfully pleaded to determine whether they could provide a basis for relief." Johnson v. Lyddane, 368 F. Supp. 2d 529, 531 (E.D. Va. 2005) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1977)).

But fraud-based claims are subject to a heightened pleading standard pursuant to Rule 9(b). For such claims, a complaint must state with particularity the circumstances constituting fraud, including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). Failure to plead fraud-based claims with the particularly required by Rule 9(b) is fatal to the claims.

When a U.S. district court exercises jurisdiction over state law claims pursuant to diversity of citizenship, the court must apply the law of the relevant state (in this case, Virginia) on all substantive matters, including the necessary elements of a cause of action. See 18 U.S.C. § 1652; In re Lipitor, 892 F.3d 624, 646 (4th Cir. 2018) ("In a diversity case, state substantive law governs . . . the 'substantive elements.'").

In Virginia, a plaintiff alleging fraud must demonstrate "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5)

reliance by the party misled, and (6) resulting damage to the party misled." Bryant v. Peckinpaugh, 241 Va. 172, 175 (1991). Plaintiff has failed to allege that Defendants made a false representation of fact.

The basis of Plaintiff's fraud claim is that Defendants made statements misrepresenting the allegedly improper securitization of Plaintiff's mortgage loan. The Complaint opines at length about the purported differences between "traditional" mortgage loans and "securitized" loans. In essence, Plaintiff contends that because her mortgage loan was securitized, the actual parties to and terms of the transaction were not correctly identified in loan documents. This, she alleges, amounts to fraud.

A claim for fraud must state "misrepresentation of present pre-existing facts and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." Xia Bi v. McAuliffe, 927 F.3d 177, 183 (4th Cir. 2019) (quoting Abi-Najm v. Concord Condo., LLC, 280 Va. 350, 362 (2010)). Plaintiff does not contend that any terms of the promissory note or deed of trust were false at the time of execution, nor does she contend any of the assignments of the deed of trust were actually to parties other than those identified. Instead, Plaintiff lists the assignments of her deed of trust, alleging that the "'chain of assignments' do not represent legal

5

'transfers' of any 'ownership' interests in Plaintiff's loan." Plaintiff asserts no valid legal basis for this conclusion.

Contrary to Plaintiff's allegations, loan securitization is not improper under Virginia law. See Horvath v. Bank of New York, N.A., 641 F.3d 617, 624 (4th Cir. 2011). "[P]romissory notes and deeds of trust are freely transferrable, and transfer or securitization does not affect their enforceability." Sunny Wai-yin Luk v. Deutsche Bank Nat'l Tr., No. 1:16-cv-284, 2016 WL 11668942, at *3 (E.D. Va. May 31, 2016). Plaintiff is incorrect to conclude that Defendants made false representations about the assignments because they were, in fact, valid assignments under Virginia law.

Setting aside Plaintiff's debunked theory of improper securitization, the Complaint's allegations of fraud are no more than conclusory statements of "fraudulent efforts" by the Defendants to foreclose on her home when she defaulted on her loan. Plaintiff's misunderstanding of the enforceability of her note and deed of trust does not relieve her of her obligations to perform under a duly executed promissory note and deed of trust.

Plaintiff further alleges that the Trial Modification Plan proposed by Defendant SPS constituted fraud. This allegation is insufficient as a matter of law because the allegedly false statement was not false at the time it was made. Fraud claims

6

cannot generally be based on statements as to future events. See Xia Bi, 927 F.3d at 183.

Plaintiff alleges that Defendant SPS' proposal was false because it did not have the authority to modify the loan. But the Complaint also states that at the time of the proposal, Defendant SPS had, in fact, been assigned the loan. As previously discussed, this assignment was not improper due to securitization. Thus, the Complaint includes no false statements regarding the Trial Modification Plan. Plaintiff's claims of fraud are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff also asserts causes of action for unjust enrichment and conversion, again relying on her unfounded theory of improper securitization. She alleges that when Defendants acted to securitize her loan, they "illegally converted" her payments to go to "strangers," instead of applying these payments to her loan. Even by a liberal reading of her *pro se* pleadings, Plaintiff fails to allege any facts that meet the standard of plausibility.

To state a claim for unjust enrichment, Plaintiff must plausibly demonstrate (1) she conferred a benefit on Defendants; (2) Defendants knew of the benefit and reasonably should have expected to repay her; and (3) Defendants accepted the benefit without repaying Plaintiff its value. Plaintiff failed to

cannot generally be based on statements as to future events. See Xia Bi, 927 F.3d at 183.

Plaintiff alleges that Defendant SPS' proposal was false because it did not have the authority to modify the loan. But the Complaint also states that at the time of the proposal, Defendant SPS had, in fact, been assigned the loan. As previously discussed, this assignment was not improper due to securitization. Thus, the Complaint includes no false statements regarding the Trial Modification Plan. Plaintiff's claims of fraud are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff also asserts causes of action for unjust enrichment and conversion, again relying on her unfounded theory of improper securitization. She alleges that when Defendants acted to securitize her loan, they "illegally converted" her payments to go to "strangers," instead of applying these payments to her loan. Even by a liberal reading of her *pro se* pleadings, Plaintiff fails to allege any facts that meet the standard of plausibility.

To state a claim for unjust enrichment, Plaintiff must plausibly demonstrate (1) she conferred a benefit on Defendants; (2) Defendants knew of the benefit and reasonably should have expected to repay her; and (3) Defendants accepted the benefit without repaying Plaintiff its value. Plaintiff failed to

cannot generally be based on statements as to future events. See Xia Bi, 927 F.3d at 183.

Plaintiff alleges that Defendant SPS' proposal was false because it did not have the authority to modify the loan. But the Complaint also states that at the time of the proposal, Defendant SPS had, in fact, been assigned the loan. As previously discussed, this assignment was not improper due to securitization. Thus, the Complaint includes no false statements regarding the Trial Modification Plan. Plaintiff's claims of fraud are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff also asserts causes of action for unjust enrichment and conversion, again relying on her unfounded theory of improper securitization. She alleges that when Defendants acted to securitize her loan, they "illegally converted" her payments to go to "strangers," instead of applying these payments to her loan. Even by a liberal reading of her *pro se* pleadings, Plaintiff fails to allege any facts that meet the standard of plausibility.

To state a claim for unjust enrichment, Plaintiff must plausibly demonstrate (1) she conferred a benefit on Defendants; (2) Defendants knew of the benefit and reasonably should have expected to repay her; and (3) Defendants accepted the benefit without repaying Plaintiff its value. Plaintiff failed to

provide any factual basis for her conclusion that Defendants accepted her mortgage payments without paying for their value. To the contrary, the Complaint states that Plaintiff's mortgage payments "appear" to have been applied to her loan based on alleged "false" accountings by Defendants SNSC and SPS. She does not provide any facts suggesting why these accountings are false. Because these conclusory allegations lack any plausible factual basis, Plaintiff's cause of action for unjust enrichment must be dismissed.

Plaintiff's claim for conversion also fails. "[I]mplied consent is a bar to conversion claims." Devil's Advoc., LLC v. Zurich Am. Ins. Co., 666 F. App'x 256, 265 (4th Cir. 2016). The Complaint admits that Plaintiff voluntarily submitted mortgage payments to Defendants. Thus, Plaintiff's cause of action for conversion must be dismissed for failure to state a claim.

The Complaint lists as Count III against all Defendants recission of the promissory note and the deed of trust. Recission is a remedy and not an independently cognizable cause of action in Virginia. Remedies "do not exist in the abstract; rather, they flow from and are the consequence of some wrong." Bacon v. City of Richmond, Va., 475 F.3d 633, 638 (4th Cir. 2007). As Plaintiff has not plausibly alleged any wrongdoing by Defendants, the Court cannot justify recission of the note or deed of trust.

Similarly, a permanent injunction from foreclosing on the property or enforcing Plaintiff's duties under her loan is unwarranted. For a court to grant a permanent injunction, Plaintiff must show actual success on the merits of her claims. See Univ. Texas v. Camenisch, 451 U.S. 390, 396 (1981). Plaintiff has failed to do so.

For the foregoing reasons, Plaintiff has failed to state any claim against Defendants, and this case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). An accompanying order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 22, 2021